FILED

2015 Dec-04  AM 10:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action Number |
| | ) | **2:09-cv-02238-AKK** |
| **vs.** | ) | |
| | ) | |
| **CHARLES E. LECROY and DOUGLAS W. MACFADDIN,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## FINAL JUDGMENT AS TO DEFENDANT CHARLES LECROY

The Securities and Exchange Commission having filed a Complaint, and Defendant Charles LeCroy having: entered a general appearance, consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided in Section VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

## SECTION 17(a)(1) OF THE SECURITIES ACT OF 1933

**IT IS ORDERED AND ADJUDGED** that LeCroy is permanently restrained and enjoined from violating Section 17(a)(1) of the Securities Act of

1933 ("Securities Act") [15 U.S.C. § 77q(a)(1)  in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:   to    employ any device, scheme, or artifice to defraud;

> by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) either orally or in writing, making any false or misleading statement or omitting any material fact in any communication with any investor, prospective investor, or government official or entity, about:
>
> (A) any payments made in the offer or sale of municipal securities, including but not limited to bond offerings and securities-based swap agreements; or
>
> (B) the use of municipal funds in the offer or sale of municipal securities, including but not limited to bond offerings and securities-based swap agreements.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) LeCroy's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with LeCroy or anyone

described in section (a) of this paragraph.

## II.

## SECTION 17(a)(2) AND (3) OF THE SECURITIES ACT OF 1933

**IT IS ORDERED AND ADJUDGED** that LeCroy is permanently restrained and enjoined from violating Section 17(a)(2) and (3) of the Securities Act [15 U.S.C. § 77q(a)(2) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

(a)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(b)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) either orally or in writing, making any false or misleading statement or omitting any material fact in any communication with any investor, prospective investor, or government official or entity, about:

(A) any payments made in the offer or sale of municipal securities, including but not limited to securities-based swap agreements; or

(B) the use of municipal funds in the offer or sale of municipal securities, including but not limited to securities-based swap agreements.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) LeCroy's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with LeCroy or anyone described in section (a) of this paragraph.

### III.

### <u>SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that LeCroy is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) either orally or in writing, making any false or misleading statement or omitting any material fact in any communication with any investor, prospective investor, or government official or entity, about:

(A) any payments made in the offer or sale of municipal securities, including but not limited to securities-based swap agreements; or

(B) the use of municipal funds in the offer or sale of municipal securities, including but not limited to securities-based swap agreements.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or

otherwise:  (a) LeCroy's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with LeCroy or anyone described in section (a) of this paragraph.

## IV.

## <u>SECTION 15B(c)(1) OF THE EXCHANGE ACT AND MSRB RULE G-17</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that LeCroy is permanently restrained and enjoined from violating, directly or indirectly, Section 15B(c)(1) of the Exchange Act, 15 U.S.C. § 78o-4(c)(1), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to induce or attempt to induce the purchase or sale of any municipal security in contravention of Municipal Securities Rulemaking Board ("MSRB") Rule G-17, by not dealing fairly with all persons and not engaging in any deceptive, dishonest, or unfair practice, in regards to:

> (A) any payments made in the offer or sale of municipal securities, including but not limited to securities-based swap agreements; or
>
> (B) the use of municipal funds in the offer or sale of municipal securities, including but not limited to securities-based swap agreements.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Procedure 65(d)(2), the foregoing paragraph also binds the

following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) LeCroy's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with LeCroy or anyone described in section (a) of this paragraph.

## V.

## SECTION 15B(c)(1) OF THE EXCHANGE ACT AND MSRB RULE G-20

**IT IS FURTHER ORDERED AND ADJUDGED** that LeCroy is permanently restrained and enjoined from violating, directly or indirectly, Section 15B(c)(1) of the Exchange Act, 15 U.S.C. § 78o-4(c)(1), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to contravene MSRB Rule G-20 by giving or permitting to be given, directly or indirectly, any services or payments of more than $100 in value to any municipal official where the payments or services relate to the municipal securities activities of the employer of the payment or service recipient.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) LeCroy's officers, agents, servants, employees, and attorneys; and

(b) other persons in active concert or participation with LeCroy or anyone described in section (a) of this paragraph.

## VI.

## DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS FURTHER ORDERED AND ADJUDGED** that LeCroy is liable for disgorgement of $103,740, together with prejudgment interest on disgorgement of $21,409. LeCroy shall satisfy this obligation by paying $125,149 to the Securities and Exchange Commission according to the following schedule: (1) $3,000 within 14 days after entry of this Final Judgment; and (2) $122,000 plus any unpaid post-judgment interest amounts within one year after entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days after entry of this Final Judgment. Prior to making the final payment set forth herein, LeCroy shall contact the staff of the Commission for the amount due for the final payment.

If LeCroy fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of

the Commission without further application to the Court.

LeCroy may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission website at http://www.sec.gov/about/offices/ofm.htm. LeCroy may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> HQ Building Room 181, AMZ-341
> Oklahoma City, OK  73169

and shall be accompanied by a letter identifying the case title, civil action number, name of this Court, and LeCroy's name as a defendant in this action, and specifying that payment is made pursuant to this Final Judgment.

LeCroy shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Robert K. Levenson, Securities and Exchange Commission, 801 Brickell Ave., Suite 1800, Miami, FL, 33131. By making this payment, LeCroy relinquishes all legal and equitable rights, title, and interest in such funds and no part of the funds shall be returned to LeCroy.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.

Within one year and 90 days after entry of this Final Judgment, the Commission may distribute the funds received pursuant to the payment plan described above, along with the funds received pursuant to the Final Judgment as to Defendant Douglas MacFaddin, less expenses associated with the distribution, to Jefferson County, Alabama. Commission staff shall engage a tax administrator to satisfy tax compliance and reporting obligations because the disgorgement funds constitute a qualified settlement fund under Section 468B of the Internal Revenue Code, 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.486B-1 through B-5. Taxes, if any, and related administrative expenses shall be paid from the disgorgement funds. Any funds the Commission receives after distribution shall be paid to the United States Treasury.

## VII.

## <u>INCORPORATION OF CONSENT</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that LeCroy's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that LeCroy shall comply with all of the undertakings and agreements set forth therein.

## VIII.

## <u>EXCEPTION TO BANKRUPTCY DISCHARGE</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exception to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are deemed true and admitted by LeCroy, and, further, any debt for disgorgement or prejudgment interest due by LeCroy under this Final Judgment is a debt for the violation by LeCroy of the federal securities laws or any regulation or order under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IX.

## <u>RETENTION OF JURISDICTION</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

Final Judgment.

## X.

## <u>RULE 54(b) CERTIFICATION</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE** the 3rd day of December, 2015.

ABDUL K. KALLON
UNITED STATES DISTRICT JUDGE